Good morning. My name is Doug Wartell. I'm here on behalf of the Plaintiff Appellant in this matter, the Washington Education Association. As the Court is aware, this litigation arose out of the terms of a settlement agreement in which we maintain the defendant agreed not to engage in certain litigation against the Washington Education Association. The complaint in this matter was filed in 2004. The defendant subsequently filed a motion to dismiss under Rule 12.6, and that motion was granted and subsequently appealed. The first error that we believe the lower court has committed in this matter was by converting the motion for 12.6 relief to a motion for summary judgment. The situation that we have here is that the complaint specifically and obviously addresses a settlement agreement between the parties that are litigating this matter. The agreement was not attached to the complaint, but it obviously could have been. That is significant because it was referenced in the complaint. Were there any documents that were considered by the court that weren't either attached or referenced to the complaint? There were two orders that were considered by the court. The breach of the contract, as we alleged, arose from the defendant's participation in litigation, and that is the Davenport matter versus the Washington Education Association. Is that the matter that the court could take judicial notice of? That was an official court record, is that correct? That is our position, Your Honor, yes. Your position seems generally to be that the court didn't need to convert to a summary judgment, could consider the documents that it considered on a motion to dismiss. So my question is, what's the difference? What's the problem? The problem is that there's different standards. A motion for summary judgment would require that the defendant show that there are no material issues of fact and that they are entitled to judgment as a matter of law. At this juncture in the case, there had been no discovery. In fact, at the point that this motion was filed, it shortly followed the conclusion of getting the case scheduling order in place. Had the defendants filed a motion for summary judgment at that time, we would have filed a motion to conduct discovery, and the discovery probably from both sides would have occurred, and then we would have prepared our briefing to the court. But what's the substantive difference? In fact, you have the defendant's met a higher standard here on the record, and if it could be decided as a matter of law, I'm not sure what the difference is to you. The difference is that we do not believe that the court could have decided this matter under the higher standard of a 12b-6 motion. Well, did the court essentially rule as a matter of law the settlement agreement for Kludage and Kline in the room quality? Yes, that is what the court ruled. I'm having a hard time maybe understanding. When the court looks at a document, the terms of the document are not in dispute. The terms of the document are not in dispute, but the interpretation and meaning of that document is in dispute, because the language here states the foundation agrees that it will not financially support litigation challenging the constitutionality of the procedures by which agency fees are assessed, the manner in which agency fees are collected, or the amounts of agency fees collected by the WTA, and it goes on to reference its affiliates. Obviously, the defendants take the position here that the words, the constitutionality of, limit this no litigation provision to constitutional claims. The WEA has taken the position that that is not the case, that it limits not only constitutional claims dealing with the procedures by which agency fees are assessed, but also, separately, the manner in which agency fees are calculated, or the amounts of agency fees collected. Is that a question of law? I believe it's a question of fact. At best, it is. Why is it a question of fact if it's determined as a matter of law that the contract is not ambiguous, then isn't the interpretation a question of law? It is, but the key note here is that while the defendants believe their interpretation of this contract is correct, and we believe our interpretation of the contract is correct, the fact of the matter is that on 12B6 motion, the only thing that the court could have concluded is that there was some ambiguity in this contract, because if you accept the defendants' position here, we look at the exceptions, the two exceptions that are carved out of this no litigation provision, and they're significant in my mind, because the first exception is to enforce in the terms of the stipulation which involved the underlying litigation. It's agreed, isn't it, that the Lear litigation was a challenge to constitutionality? It was a challenge to the manner in which the WBA processed and handled agency fees. And the challenge was based on, it was a constitutional challenge. Yes, it was. Now, I look at this agreement, which arose out of the settlement of the Lear litigation, and Judge Zille presided over that settlement, and I look at page one of this agreement in particular, and see the Lear litigation described in exactly the same words, but are used on page two to say what the foundation won't finance. It seems to me hard to escape the obvious interpretation that these words are meant to describe a constitutional challenge such as that brought in the Lear litigation. You can tell me that it should be different, but how can you explain that difference in the context and the history in which this was arisen? Well, I can explain it in two manners. First, if this agreement and no litigation provision were limited to simply constitutional-based claims, there would have been no reason to carve out an exception to enforcing the agreement, because an action to enforce this agreement would not have been a constitutionally-based claim. It would have been a claim more properly characterized as a breach of contract. Secondly, there would have been no reason to carve out from the no litigation provision religious objector cases, because in Washington, under Title 4159, there are statutory provisions regarding the rights and the manner in which persons who challenge the payment of union dues based upon a bona fide religious belief can seek relief from the Public Employment Relations Commission. If this was intended to only apply to constitutionally-based claims, there would have been no reason to put that language in there, because in order for the defendant to participate in that type of litigation, they needed that provision in here because it's a statutory-based claim. It's a claim in that context that arises from statute. And when we look at the standards for granting a 12B6 motion, I do not believe that the court could have properly dismissed this matter. Did you tell the district what else you would submit or offer when the court decided this at Senate Judgment that you would offer additional documents at that time? We did not know that the court was going to convert this to a summary judgment motion until we received the decision of the court. Following that, did you offer up what documents you were going to? No, we filed this appeal. So you didn't file a motion for reconsideration? No, we did not. We determined that the best course of action at that point was to file the appeal. Did you want to say something for the rebuttal? One minute and 26 seconds. One minute and 25 seconds. Certainly. My last point would be that on a 12B6 motion, in order to grant that relief, the court has to consider whether, in the light most favorable to the WEA, with every doubt resolved on NSB's behalf, it can be determined with certainty that the WEA cannot prove any set of facts that would allow relief under the allegations. That was the reason I asked you whether it was decided as a matter of law because this court would review that. That's right. Regardless of whether it's a summary judgment, I'll share a motion to dismiss. I understand. Thank you, Your Honor. All right. Good morning, and may it please the Court. I'm Richard Clare, representing National Rights at Work Legal Defense Foundation, defendant and athlete in this action. The district court's decision was correctly decided and should be affirmed. This is a simple case. It involves the interpretation of one paragraph of a side agreement which was used to settle a larger case. The exact language of the side agreement has already been recited to the Court. By signing that side agreement, the Foundation agreed not to finance or assist with additional cases that would raise constitutional violations against the WEA. The Foundation has not done so. Thus, the Foundation has not reached that side agreement. It's perfectly obvious. The Davenport case does not raise constitutional issues. It raises only statutory and common law claims. The side agreement is clear and unambiguous, especially when it's interpreted in accordance with standard rules of English construction. So the Foundation is or was entitled to judgment as a matter of law. And whether the Court called it a dismissal or a summary judgment... Well, do you have any insight as to why the district judges didn't decide this is a motion to dismiss if it was so clear and precise as you believe it is? I really have no insights into that, Your Honor. I really don't think it mattered. Not at the argument? There was no oral argument. At the district court, in fact. It was submitted without oral argument. That's right. So neither party asked for oral argument. That's right. So we have no insights. Keep forgetting, because we have argument in our court virtually every case. Most people don't. Virtually no argument unless there has been a motion. Let me ask you, if this relates only to constitutional claims, why would there be a necessity to carve out the religious objection cases that are statutorily cases? Well, a religious objection case, by definition, would raise constitutional issues under the First Amendment. There might be a statutory scheme that assists in vindicating those interests, but protection of religious rights is most definitely a First Amendment issue. And we did cite one case that raised such an issue in Washington State. So it certainly made sense to carve out religious objection cases so that being constitutional cases in their very nature, the Foundation would not be precluded from helping religious objectors. So it made eminently good sense. Yes? Would you agree that there are questions that relate to the manner in which these are calculated for the amount of agency fees collected that wouldn't be constitutional issues? That would not be constitutional issues? That would not be constitutional. Well, in the Davenport case for raising statutory and common law issues, so, of course, there could be such cases. So why isn't this ambiguous, then, if the word constitutionality only precedes the procedures by which the fees are assessed? Isn't there some ambiguity, then, as to whether the word constitutionality should, by interpretation, be inserted in each of the subsequent clauses, or whether they stand alone without the modifier? Well, actually, what would happen under the normal rules of statutory construction, I'm sorry, standard English construction, and we have provided a reference to that on page 15 of our brief with a quote of the language. If that modifier had been repeated, for example, in the second clause, then, by definition, that modifier would not modify the third clause. However, when a modifier is used once and then followed by a series, then that modifier modifies all the elements in that series. So if you wanted to write this so that it modified only the first phrase, how would you write it? Well, I think you might write it the way the WEA has rewritten it in their brief. If I may direct your attention to page 16, they have added, let me just read this, pursuant to the plain language of the agreement, the NRQWS specifically agreed that it would not financially support litigation against the WEA concerning that word doesn't appear when we sign. And then they break this apart into three numbered sentences and clauses, each ended by a semicolon except for the final period. And they plug the modifier, the constitutionality of, in the first numbered clause. Well, I suppose if we had signed that, we might have a problem with Davenport. We didn't sign that. We signed a very simple sentence with a modifier followed by a series of three clauses. The normal rules of construction in English would say that a modifier modifies all those three clauses. We agreed not to finance constitutional violation cases against the WEA. And that's all we agreed not to finance. Now, with respect to the dismissal issue, I'd like to point out that WEA has conceded that the motion to dismiss was properly submitted and that the documents that were attached to the motion could be used to dispose of that motion. This includes the fact that the authenticity of the documents were not disputed, the WEA complaint references a side agreement and the Davenport litigation, and the documents are at the center of the controversy. So all of those documents, admittedly, could be used to dispose of the motion to dismiss. You submitted a motion to dismiss. You're willing to have us review it as if it were a motion to dismiss that was granted. Certainly. The fact that the district court might have labeled it a summary judgment instead of a dismissal is really irrelevant when you look at the case law, and particularly the Townsend case which we cited in our brief which is controlling 9th Circuit precedent. In that case, the judge took a motion to dismiss and had documents attached and referenced and I think they were just submitted to the court in that case. And the judge converted that motion to dismiss into a motion for summary judgment, grand summary judgment. The end result was the same. The decision was affirmed because the documents showed that the plaintiff had no case. And in terms of the notice of conversion that the WEA is complaining about, the Townsend case clearly says if the documents are submitted with a motion to dismiss, maybe a bailout will go off in your mind. You might be looking at a conversion here. You ignore that. Then the judge, without oral argument because neither party requested it, issues a decision that specifically says, I'm converting this to a motion for summary judgment and grants summary judgment. Right then, the second bail should have gone off. Hey, maybe I better ask to file a motion to dismiss. I'm impressed. Or a motion to reconsider or something and the appellant had ten days after the children became final to do that. Another opportunity. The judge is final now. How about a Rule 60B motion to be relieved of the effects of the judgment because of surprise or something else that they would like to come forward with. At each of those opportunities they could have come forward and said Your Honor, Judge Zille, we've got some evidence here we'd like to submit that shows that this agreement should be interpreted a different way and summary judgment is not appropriate here. And they chose not to do so. Therefore, they should not be heard to complain at this point in the proceeding. I think that pretty much covers my argument. I'd be willing to... If there are any additional questions I'd be more than happy to address them. If not, thank you. Thank you. Briefly, Your Honors. While there's no dispute that a religious objector case could raise issues under the U.S. or state constitutions, in Washington there's also a statutory component. And knowing that statutory component is the reason, in my view, that that language had to be inserted into the no litigation provision. Secondly, while the standard rules of English construction can be used to interpret this contract, the fact that the Pele is raising that in argument is almost an admission that there's some ambiguity in the contract. Because if this contract was not ambiguous, we would not be needing to resort to that vehicle that is sometimes used in construing ambiguous contracts. And importantly, it's not the only vehicle that can be used to construe ambiguous contracts. Such as documents pertaining to the negotiations between the parties, their intent upon entering into the agreement. Those are all factors that can be considered here. We believe that the decision of the district court should be reversed and that the litigation should be allowed to move forward. Thank you. Thank you. Thank you both council for your arguments this morning. The case of Washington Education Association versus the National Right to Work Legal Defense Foundation is submitted.
judges: McKeown, Clifton, Ezra